

Tagged Opinion

**ORDERED in the Southern District of Florida on March 05, 2010.**

John K. Olson, Judge
United States Bankruptcy Court

___

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**
www.flsb.uscourts.gov

In re:

Luis E. Torres & Aida E. Santiago,

        Debtors.
_____/

Case No. 09-38114-BKC-JKO

Chapter 13

**Order Denying Debtors' *Ex Parte* Motion for Extension of Time to File Chapter 13 Plan, Schedules, Statement of Current Monthly Income, and Payment Advices [DE 21]**

    This matter comes before me upon the Debtors' *ExParte* Motion for Extension of Time to File Chapter 13 Plan, Schedules, Statement of Current Monthly Income, and Payment Advices [DE 21]. The motion and proposed order would have me grant a fifth extension of time (through March 8, 2010) to file information required by 11 U.S.C. § 521(a). The Debtors' Chapter 13 Voluntary Petition was filed December 21, 2009, and the previous four extension motions were filed January 4th, January 26th, February 8th, and February 16th. The third and fourth orders extending time stated that no additional extensions would be granted absent a showing of good cause. All five motions to extend time allege that the Debtors have been unable to meet with counsel, but none of the motions even allege cause why the Debtors have been unable to do so. While such a basic allegation on the face of the motion will, at first, be sufficient to extend time beyond that prescribed by Fed. R. Bankr. P. 1007(c), there are limits. Each subsequent motion must be subjected to stricter scrutiny, and eventually it gets to the point where enough is enough. Because this fifth extension motion does not even *allege* cause why the Debtors have been unable to meet with counsel for two and a half months, it is **ORDERED** that the Debtors' Motion for Extension of Time **[DE 21]** is **DENIED**.

# # #

Submitted by: Mary Jo Rivero, 1806 N Flamingo Rd #320, Pembroke Pines, FL 33028

Electronically edited in chambers (disposition changed from Grant to Deny) and tagged for publication.

Debtor's counsel is directed to serve copies of this Order upon all interested parties and file a Certificate of Service with the Clerk of Court.